UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                CIVIL ACTION

VERSUS                                  NO: 02-1122

ORLEANS PARISH SCHOOL BOARD,            SECTION: "R"(1)
ET AL.

**ORDER**

Before the Court is the motion of plaintiffs General Contracting and Consulting Services, LLC and Charles Threadgill to compel the parties in the above-captioned matter to submit to arbitration. This motion is perhaps more properly considered a request to enforce an earlier Order issued by the Court in this matter. Specifically, on May 23, 2003, the Court granted defendant Mitchell Crusto's motion to compel arbitration and stay this litigation pending arbitration. (R. Doc. 65). For a variety of reasons, including Hurricane Katrina, the parties have yet to submit to arbitration. GCCS and Threadgill now ask the Court to restart the arbitration process, which it previously held was appropriate to resolve this dispute, by requiring Crusto to submit to arbitration within thirty days. Crusto has filed an

opposition to this motion, but not based on any substantive objection to the Court's authority to enforce its own Order, one that Crusto in fact had sought.  Rather, Crusto contends that plaintiffs' motion is procedurally defective under Rule 5(a) of the Federal Rules of Civil Procedure because GCCS and Threadgill failed to state in the certificate of service attached to their motion that they served their co-plaintiff in this matter Tom Weems, who is presently without representation by counsel.  This argument is misplaced.  In plaintiffs' reply to Crusto's opposition, counsel for GCCS and Threadgill states that he did serve Weems via facsimile with a copy of their motion.  This plainly satisfies Rule 5(a), which requires only that "every written motion other than one which may be heard ex parte . . . be served upon each of the parties."  FED. R. CIV. P. 5.  Rule 5(a) does not render defective a motion because of a failure to certify the formal service of a co-plaintiff when that party in fact has been served.  Thus, the Court finds it appropriate to grant plaintiffs' motion to enforce the earlier Order compelling arbitration between plaintiffs and Crusto.  It is hereby ORDERED that the parties submit to arbitration within thirty days of entry of this Order.

New Orleans, Louisiana, this <u>30th</u> day of July, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT