UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 02-1122

ORLEANS PARISH SCHOOL BOARD, ET AL.         SECTION: R(1)

## ORDER AND REASONS

Plaintiffs Butch Threadgill and General Contracting and Consulting Services move to lift the stay pending arbitration.[1] Defendant Orleans Parish School Board does not oppose the motion.[2]  Because the arbitration did not resolve all outstanding claims in this matter, the Court GRANTS plaintiffs' motion.

## I.    DISCUSSION

On January 23, 2000, a severe hail storm caused significant roof damage to Orleans Parish schools.  The Orleans Parish School Board ("OPSB") contracted with Mitch Crusto d/b/a Angelic Asset Management, Inc. to adjust the insurance claims for the roof damage with OPSB's insurer, Travelers Insurance Company, and to contract on an emergency basis to repair the damaged roofs. Crusto contracted with Butch Threadgill and Tom Weems through their business, General Contracting and Consulting Services, LLC,

---

[1]     R. Doc. 104.

[2]     R. Doc. 105.

to prepare bids and estimates for loss and damage to the schools' roofs.  Crusto entered into two contracts with Threadgill, Weems, and General Contracting, both of which provide that "[a]ny conflicts or disputes will be submitted to binding arbitration."[3]

On April 15, 2002, plaintiffs filed this lawsuit against Crusto and OPSB.[4]  Plaintiffs allege that they submitted repair estimates and bid proposals to Crusto that were copyrighted to Tom Weems, all rights reserved, and that Crusto violated copyright law by distributing the bids to OPSB as his own for approval.  Plaintiffs further allege that Crusto unlawfully displayed the copyrighted work on his website.  In addition, plaintiffs allege several state law causes of action against Crusto, including breach of contract, fraud and violations of the Louisiana Unfair Trade Practices Act.  Plaintiffs' causes of action against OPSB consist of a violation of the Unfair Trade Practices Act for interfering with their ability to contract for the work of repairing the roofs, and a claim that OPSB knew or should have known that the information being used by Crusto was copyrighted material.

Plaintiffs filed a second lawsuit on May 10, 2002, naming as defendants Crusto and the City of New Orleans.[5]  The claims

---

[3]     R. Doc. 38, Exs. A and B.

[4]     R. Doc. 1.

[5]     No. 02-1460, R. Doc. 1.

2

plaintiffs raise against Crusto in the second complaint are virtually identical to those raised in the first.  Plaintiffs' claims against the City of New Orleans mirror the claims alleged against OPSB in the first complaint.  The Court consolidated the two actions on December 3, 2002.[6]

OPSB answered plaintiffs' complaint and filed a cross-claim against Crusto.[7]  The cross-claim alleges that Crusto's contract with plaintiffs is void as a matter of public policy.  In addition, OPSB challenges its own contract with Crusto.  OPSB alleges that when Crusto signed his contract with OPSB he was not a licensed contractor and did not possess insurance as required by Louisiana law.

On February 11, 2003, Crusto filed a motion to compel arbitration and stay all proceedings, including litigation of claims involving non-signatories to the arbitration agreement, pending arbitration.[8]  The Court found that plaintiffs and Crusto entered into a valid arbitration agreement and granted Crusto's motion to compel arbitration.[9]  Plaintiffs and Crusto entered arbitration, and on June 17, 2009, the Court entered a judgment

---

[6]     R. Doc. 31.

[7]     R. Doc. 26.

[8]     R. Doc. 38.

[9]     R. Doc. 65.

confirming the arbitration award against Crusto.[10]  Plaintiffs now ask the Court to lift the stay to allow the case to proceed among the remaining parties.[11]

The Court finds that the following claims were not referred to the arbitrator: plaintiffs' claims against the City of New Orleans, plaintiffs' claims against OPSB, and OPSB's claims against Crusto.[12]  Accordingly, the Court grants the motion to lift the stay for those remaining claims.

**III. CONCLUSION**

For the foregoing reasons, plaintiffs' motion to lift the stay is GRANTED.

New Orleans, Louisiana, this 15th day of December, 2011.

_Sarah Vance_

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[10]  R. Doc. 84.

[11]  R. Doc. 104-1.

[12]  R. Doc. 65 at 11.

4