UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 02-1122

ORLEANS PARISH SCHOOL BOARD, ET AL.         SECTION: R(1)

**ORDER AND REASONS**

Plaintiff in crossclaim Orleans Parish School Board moves for a voluntary dismissal of its crossclaims against defendant in crossclaim Mitch Crusto pursuant to Federal Rule of Civil Procedure 41(a)(2).[1]  Mr. Crusto consents to the motion.[2] Because the parties agree that the crossclaims should be dismissed without prejudice, the Court GRANTS the motion.[3]

**I.   DISCUSSION**

On January 23, 2000, a severe hail storm caused significant roof damage to Orleans Parish schools.  The Orleans Parish School Board ("OPSB") contracted with Mitch Crusto d/b/a Angelic Asset Management, Inc. to adjust the insurance claims for the roof damage with OPSB's insurer, Travelers Insurance Company, and to

---

[1]   R. Doc. 109.

[2]   *Id.*

[3]   This moots Crusto's motion to dismiss for failure to state a claim.  *See* R. Doc. 108.

contract on an emergency basis to repair the damaged roofs. Crusto contracted with Butch Threadgill and Tom Weems through their business, General Contracting and Consulting Services, LLC, to prepare bids and estimates for loss and damage to the schools' roofs.  Crusto entered into two contracts with Threadgill, Weems, and General Contracting, both of which provide that "[a]ny conflicts or disputes will be submitted to binding arbitration."[4]

On April 15, 2002, plaintiffs filed this lawsuit against Crusto and OPSB.[5]  Plaintiffs allege that they submitted repair estimates and bid proposals to Crusto that were copyrighted to Tom Weems, all rights reserved, and that Crusto violated copyright law by distributing the bids to OPSB as his own for approval.  Plaintiffs further allege that Crusto unlawfully displayed the copyrighted work on his website.  In addition, plaintiffs allege several state law causes of action against Crusto, including breach of contract, fraud and violations of the Louisiana Unfair Trade Practices Act.  Plaintiffs' causes of action against OPSB consist of a violation of the Unfair Trade Practices Act for interfering with their ability to contract for the work of repairing the roofs, and a claim that OPSB knew or should have known that the information being used by Crusto was copyrighted material.

---

[4]   R. Doc. 38, Exs. A and B.

[5]   R. Doc. 1.

Plaintiffs filed a second lawsuit on May 10, 2002, naming as defendants Crusto and the City of New Orleans.[6] The claims plaintiffs raise against Crusto in the second complaint are virtually identical to those raised in the first. Plaintiffs' claims against the City of New Orleans mirror the claims alleged against OPSB in the first complaint. The Court consolidated the two actions on December 3, 2002.[7]

OPSB answered plaintiffs' complaint and filed a crossclaim against Crusto.[8] The crossclaim alleges that Crusto's contract with plaintiffs is void as a matter of public policy. In addition, OPSB challenges its own contract with Crusto. OPSB alleges that when Crusto signed his contract with OPSB he was not a licensed contractor and did not possess insurance as required by Louisiana law.

On February 11, 2003, Crusto filed a motion to compel arbitration and stay all proceedings, including litigation of claims involving non-signatories to the arbitration agreement, pending arbitration.[9] Plaintiffs and Crusto entered arbitration pursuant to this Court's order,[10] and on June 17, 2009 the Court

---

[6]   No. 02-1460, R. Doc. 1.

[7]   R. Doc. 31.

[8]   R. Doc. 26.

[9]   R. Doc. 38.

[10]  R. Doc. 65.

entered a judgment confirming the arbitration award against Crusto.[11] On December 15, 2011 the Court lifted the stay for those claims not referred to the arbitrator, including OPSB's claims against Crusto.[12] OPSB now moves to dismiss these claims.

**II. DISCUSSION**

A decision as to whether to grant a dismissal under Federal Rule of Civil Procedure 41(a) lies within the sound discretion of the district court. *Davis v. Huskipower Outdoor Equipment*, 936 F.2d 193, 199 (5th Cir. 1991). The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Triparth Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Here, the Court finds that Crusto will not suffer legal prejudice, and therefore grants OPSB's motion to dismiss without prejudice. There are no pending motions OPSB seeks to avoid in this matter, and OPSB will continue to prosecute its claims against Crusto in state court. There is therefore "no reason to proceed with an additional case in federal court." *See In re Tug Robert J. Bouchard, Inc.*, No. 05-1420, 2008 WL 2692655, at *3 (E.D. La. June 30, 2008). Moreover,

---

[11] R. Doc. 84.

[12] R. Doc. 106.

Crusto consents to the voluntary dismissal.[13] Accordingly, the Court finds that granting the motion to dismiss will not prejudice Crusto.

**III. CONCLUSION**

The Court GRANTS OPSB's motion to dismiss. Pursuant to Federal Rule of Civil Procedure 41, OPSB's crossclaims are dismissed without prejudice, each party to bear its own costs.

New Orleans, Louisiana, this 22nd day of February, 2012.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 109 at 3.