UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                                CIVIL ACTION

VERSUS                                                  NO: 02-1122

ORLEANS PARISH SCHOOL BOARD, ET AL.                     SECTION: R(1)

## ORDER AND REASONS

Plaintiff Butch Threadgill moves for a declaratory judgment regarding the proper apportionment of the arbitration award.[1] There is no opposition to the motion.

The arbitration award captions Charles "Butch" Threadgill and Thomas Weems, Jr. as "Claimants" and states that "the Arbitrator awards Claimants the sum of $153,414.42, representing Claimants['] documented expenses of $154,609.25, less $1,194.83 in expenses that are unrelated to the . . . work performed by Claimants."[2] Threadgill contends that this language is ambiguous and points to evidence in the arbitration record that he paid the bulk of the expenses in this case. The wording of the award, however, clearly refers to both Threadgill and Weams.[3] In effect, then, Threadgill is asking the Court to modify or correct the arbitrator's award.

---

[1]     R. Doc. 112.

[2]     R. Doc. 112-2 at ¶24.

[3]     *Compare id.* at ¶24 (referring to "Claimants") to *id.* at ¶26 (referring to "Claimant Weems").

A party who wishes to move to vacate, modify, or correct an award must serve notice of the motion upon an adverse party within three months after the award is filed or delivered. 9 U.S.C. § 12. The arbitrator issued the award on June 2, 2009. Threadgill himself filed a motion to confirm the arbitration award on June 11, 2009,[4] which the Court granted on June 17, 2009.[5] Threadgill filed this motion on February 6, 2012, more than two years after his motion to confirm and this Court's judgment. Threadgill is therefore precluding from asking the Court to modify or correct the arbitration award at this time. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (adopting rule that "once the three-month period has expired, an attempt to vacate an arbitration award could not be made"); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) (party's "failure to move to vacate the award within the three month time provided precludes him from later seeking that relief"). Accordingly, the Court's judgment of June 17, 2009 remains in effect, and the motion is DENIED.

New Orleans, Louisiana, this 14th day of May, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4]  R. Doc. 83.

[5]  R. Doc. 84.