```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


BUTCH THREADGILL, TOM WEEM                CIVIL ACTION
AND GENERAL CONTRACTING AND
CONSULTING SERVICES, LLC


VERSUS                                    NO: 02-1122


ORLEANS PARISH SCHOOL BOARD,              SECTION: R
ET AL.
```

## ORDER AND REASONS

Before the Court is the motion to dismiss of the City of New Orleans. For the following reasons, the Court GRANTS defendant's motion. The Court GRANTS plaintiffs leave to amend their complaint within 14 days.

### I. BACKGROUND

On January 23, 2000, a severe hail storm caused significant roof damage to Orleans Parish schools. The City of New Orleans contracted with Mitchell Crusto d/b/a Angelic Asset Management, Inc. to adjust the insurance claims for the roof damage with the City's insurer, CNA Insurance Company, and to contract on an emergency basis to repair the damaged roofs.[1] Crusto contracted with Butch Threadgill and Tom Weems through their business, General Contracting and Consulting Services, LLC, to prepare bids and estimates for loss and damage to the schools' roofs.[2]

---

[1] No. 02-1460, R. Doc. 1.

[2] *Id.* at 3.

In 2002, plaintiffs filed suit against Crusto and the Orleans Parish School Board.[3] They then filed a second suit against Crusto, the City of New Orleans, and the City's insurers.[4] The two suits were consolidated.[5] Plaintiffs allege that they submitted repair estimates and bid proposals to Crusto that were copyrighted to Tom Weems, all rights reserved.[6] Plaintiffs also state that they negotiated damage estimates with CNA Insurance Company.[7] Plaintiffs claim that Crusto did not pay plaintiffs for the work done, unlawfully displayed the copyrighted work on his website, and distributed the bids to the City as his own for approval. Plaintiffs assert claims under federal and state copyright law, the Louisiana Unfair Trade Practices Act, and state tort and contract law.

In 2003, plaintiffs and Crusto entered into arbitration, and all of the proceedings were stayed. The Court entered a judgment confirming an arbitration award on June 17, 2009.[8] Plaintiffs then sought to lift the stay to allow the case to proceed among

---

[3] R. Doc. 1.

[4] No. 02-1460, R. Doc. 1.

[5] R. Doc. 31.

[6] No. 02-1460, R. Doc. 1 at 4.

[7] *Id.*

[8] R. Doc. 84.

the remaining parties, which the Court granted.[9] As the parties prepared for trial, they discovered that the City had never been notified that the stay had been lifted and trial set. After being served, the City moved to dismiss plaintiffs' claims or, in the alternative, for summary judgment.

## II.   STANDARD[10]

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th

---

[9]   R. Doc. 106.

[10]   The Court finds that summary judgment is not appropriate at this time, given that no discovery has been exchanged by the City and plaintiffs. Moreover, the Court finds that it need not examine the exhibit submitted by defendant to decide the motion.

Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949.

**III. DISCUSSION**

    **A.   Indemnity**

As a threshold matter, the Court rejects defendant's contention that plaintiffs' claims must be dismissed because Crusto agreed to fully indemnify the City. Although this may be the case, any such indemnity does not bear on plaintiffs' ability to bring claims against the City. Indeed, "the duty-to-indemnify issue [is] not ripe when the underlying . . . lawsuit has not yet been completed." *Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc.*, No. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012) (citing *Coregis Ins. Co. v. Sch. Bd. Of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008)). Therefore, at this time, the Court need not decide the issue of whether Crusto would indemnify the City if the City were found liable on plaintiffs' claims.

    **B.   Copyright Claims**

Defendant argues that plaintiffs have failed to state a claim for copyright infringement, because plaintiffs have no standing to assert copyright ownership under the "work for hire" doctrine and their bid proposals are not subject to copyright

protection. Defendant also asserts more broadly that plaintiffs have failed to plead any specific facts regarding the City's actions.

    *1. Standing*

Under the "work for hire" doctrine, "the employer or other person for whom the work was prepared is considered the author" of work created. 17 U.S.C. § 201(B). Defendant contends that because plaintiffs created the materials at issue pursuant to a contract with Crusto, they are not the authors and lack standing to pursue a copyright claim. But, the definition section of the Copyright Act of 1976 defines a "work made for hire" as "a work prepared by an employee within the scope of his or her employment" or "a work specially ordered or commissioned for use as a contribution to a collective work . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101; *Easter Seal Soc. for Crippled Children & Adults of Louisiana, Inc. v. Playboy Enterprises*, 815 F.2d 323, 334-35 (5th Cir. 1987) ("[A] work is 'made for hire' within the meaning of the Copyright Act of 1976 if and only if the seller is an employee within the meaning of agency law, or the buyer and seller comply with the requirements of § 101(2)."). The complaint does not indicate in any way that plaintiffs were the employees of Crusto or that the bids were part of a collective work or designated as work made

5

for hire. Thus, the Court finds that on the face of the complaint, the doctrine of "work for hire" does not render plaintiffs without standing. *See, e.g., Qualey v. Caring Center of Slidell*, No. 95-1360, 1996 WL 3915, at *2 (E.D. La. Jan. 3, 1996) (denying defendant's motion for summary judgment on the grounds that plaintiff put forth evidence that he worked as an independent contractor).

*2. Failure to state a claim*

Defendant also contends that plaintiffs have not asserted any facts about the City in their complaint and that the materials allegedly copied by Crusto and the City are not subject to copyright protection. To establish a claim for copyright infringement, a plaintiff must show that (1) he owns a valid copyright and (2) the allegedly infringing parties copied constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Service Co., Inc.*, 499 U.S. 340 (1991). The Court must make two separate inquiries to determine whether actionable copying occurred. *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 576 (5th Cir. 2003). The Court first evaluates "whether the alleged infringer copied, or actually used the copyrighted material in his own work." *Id.* (citations and quotations omitted). "A plaintiff may make this showing either with proof of direct evidence of copying or through circumstantial evidence demonstrating both (1) that the defendant

had access to the copyrighted work and (2) that the two works are 'probatively similar.'" *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). The Court then considers "whether substantial similarity exists between the copyrighted work and the allegedly infringing work." *Bridgmon,* 325 F.3d at 576 (citing *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1343 (5th Cir. 1994)).

Copyright registration is a condition precedent to filing suit for copyright infringement. 17 U.S.C. § 411(a); *Real Estate Innovtions, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. Appx. 344, 348 (5th Cir. 2011) ("If a plaintiff does not have a copyright registration, her claim may be dismissed for failure to state a claim."). Plaintiffs assert that all repair estimates and bid proposals state "copyright, Tom Weems 2000, all rights reserved"[11] and were properly registered. Although the phrase "Contents of file and photographs are Copyright 2001" appears on the estimates, plaintiffs' certificate of registration states that the nature of the work is "photographs".[12] Thus, it is not clear whether the estimates as a whole were registered or only the photographs. Nevertheless, defendant does not argue that plaintiffs' action is precluded due to a lack of registration, and so the Court will accept as unchallenged plaintiffs'

---

[11]   No. 02-1460, R. Doc. 1. at 4.

[12]   *Id.* at 15.

assertion that the materials in question were properly registered.

    Plaintiffs argue that they produced original photographs and detailed damage assessment estimates that are protected by copyright. The originator of a photograph may claim copyright in his work, *see Burrow-Giles Lithographic Co. v. Sarony,* 111 U.S. 53 (1884), so long as it fulfils the requirement of originality by "possess[ing] at least some minimal degree of creativity." *Feist,* 499 U.S. at 345. Plaintiffs' photographs appear to serve a utilitarian rather than expressive purpose.[13] Through the images, plaintiffs sought to illustrate the damage and necessary repairs described in the rest of their proposal, as evidenced by the numerous photographs that depict a defect circled in yellow.[14] *See, e.g., Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542 (S.D.N.Y. 2001) (denying motion for preliminary injunction because photographs of food on menu did not possess requisite originality to be protected). Nevertheless, the copyright registration of the images constitutes prima facie evidence of the copyright's validity. *See* 17 U.S.C. § 410(c). Defendant does not address plaintiffs' photographs in its motion

---

    [13] *See* R. Doc. 136-3 at 18-38. Plaintiffs did not include the photographs in their original complaint, but the Court may consider them as they are central to plaintiffs' claim and were referred to extensively in the pleadings. *See Scanlan v. Texas A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003).

    [14] *Id.*

to dismiss and thus does not rebut this presumption of originality. Moreover, the originality of images is a factual determination inappropriate for a motion to dismiss. *See, e.g., FragranceNet.com v. FrangranceX.com*, 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010) (holding that motion to dismiss was not proper juncture at which to determine images' originality). The Court therefore finds that plaintiffs have pleaded sufficient facts to suggest that they own a valid copyright. Defendant argues that components of bid proposals are not subject to copyright protection, because they contain details regarding property damage and price estimates, which as facts cannot be copyrighted. But, because the Court finds it to be facially plausible that plaintiffs' photographs merit copyright protection, the Court need not determine at this time whether plaintiffs have stated a claim for protection of their other materials.[15]

Nevertheless, the Court finds that plaintiffs' claims of copyright infringement must be dismissed due to an absence of facts related to the City's alleged copying of plaintiffs' materials. Plaintiffs' complaint states that Crusto distributed plaintiffs' copyrighted bids to the City as his own work and that

---

[15] The Court also will not consider defendant's arguments regarding the doctrines of implied license and fair use, which defendant raised for the first time in its reply to plaintiffs' opposition. *See, e.g., Mitsui & Co., Ltd. v. M/V Hermann Schulte*, 95-3270, 1996 WL 365660, at *3 (E.D. La. July 1, 1996) ("A reply memorandum is not adequate to raise entirely new arguments for dismissal.").

he used the bids in promotional materials.[16] Plaintiffs allege that he "passed the work off as his own, receiving compensation from the City of New Orleans."[17] Plaintiffs thus have stated a claim for copyright infringement against Crusto. But, no facts alleged in the complaint state that the City actually used plaintiffs' material in its own work or that "substantial similarity exists between the copyrighted work and the allegedly infringing work." *Bridgmon,* 325 F.3d at 576.

In fact, plaintiffs make no mention whatsoever of the City's alleged infringement. They state only that the City should have known that the information submitted by Crusto was copyrighted material and that they are entitled to damages due to "unauthorized use of the information by third parties."[18] That Crusto distributed plaintiffs' bid proposals to the City does not automatically implicate the City's liability for copyright infringement. Without pleadings suggesting that the City impermissibly copied plaintiffs' protected materials, the complaint fails to set forth a facially plausible claim of copyright infringement. *See, e.g., Richards v. British Petroleum*, 869 F. Supp. 2d 730, 738 (E.D. La. 2012) (granting motion to dismiss copyright claims since plaintiff pleaded no facts

---

[16]     No. 02-1460, R. Doc. 1 at 4.

[17]     No. 02-1460, R. Doc. 1 at 4.

[18]     *Id.* at 6-7.

concerning how defendant copied or used her work). Moreover, plaintiffs' argument that the City used plaintiffs' repair estimates without authorization to obtain high reimbursements, presented in their opposition memorandum, is not supported by the facts pleaded. The complaint instead states that *plaintiffs* negotiated damage estimates with the City's insurers, without mention of the City's involvement.[19] Because plaintiffs rely on facts outside of the pleadings, the Court will not consider their contention concerning the City's use of plaintiffs' materials.[20] The Court thus finds that plaintiffs have failed to state a claim for copyright infringement against the City.

### C. State Law Claims

The Court has determined that plaintiffs' claim arising under federal law should be dismissed. Accordingly, the Court must consider whether to continue to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367. One of the reasons for which a district court may decline to exercise supplemental jurisdiction is if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). In addition to the statutory factors, the court

---

[19]  No. 02-1460, R. Doc. 1. at 4.

[20]  Plaintiffs attach exhibits to their opposition but simultaneously argue that summary judgment is premature. Thus, the Court will not consider materials that were not referred to in the complaint.

must also balance the factors of judicial economy, convenience, fairness, and comity. *Smith v. Amedisys*, Inc., 298 F.3d 434, 446 (5th Cir. 2002). The Court has "wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Here, the Court finds that judicial economy and fairness weigh in favor of its exercise of supplemental jurisdiction, given that the suit was filed over ten years ago and must be resolved in a timely manner. Further, the Court finds that plaintiffs' pleadings regarding their state law claims suffer from the same defects as their cause of action for copyright infringement.

To succeed on a claim under the Louisiana Unfair Trade Practices Act (LUTPA), a plaintiff must show that the alleged conduct "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs. v. Shell Deepwater Prod.,* 35 So.3d 1053, 1059 (La. 2010) (quoting *Moore v. Goodyear Tire & Rubber Co.,* 364 So.2d 630, 633 (La. Ct. App. 1978)). "[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA." *Id.* at 1060. Plaintiffs state that Crusto passed plaintiffs' materials to the City as his own work and that the City paid Crusto, not plaintiffs. But plaintiffs do not allege that the

12

City had an obligation to pay them. Rather, plaintiffs were to be paid pursuant to their contract with Crusto, who in turn was paid by the City. Therefore, even accepting as true plaintiffs' contention that the City should have known that the bids were prepared by plaintiffs does not establish that the City acted fraudulently in possessing the bids, in light of the contractual arrangements among the parties. Moreover, as discussed above, plaintiffs do not plead facts describing in any particularity the way in which the City used plaintiffs' materials. Accordingly, the Court finds that the facts alleged by plaintiffs do not invite an inference of unethical or fraudulent behavior by the City and that plaintiffs thus fail to state a claim under LUTPA.

Plaintiffs' complaint also does not contain facts establishing a facially plausible claim of conversion or misappropriation. "The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." *Aymond v. State, Dept. of Revenue & Taxation*, 672 So. 2d 273, 275 (La. Ct. App. 1996). Once again, plaintiffs have failed to plead any facts regarding the City's use of plaintiffs' property. In describing the basis for plaintiffs' conversion claim, the complaint states that defendants acted wrongfully in making plaintiffs' bid and bid process "widely available to competing interests and through

13

promotional brochures."[21] But, the complaint identifies Crusto as the tortfeasor who allegedly distributed plaintiffs' bid estimates without payment. Therefore, plaintiffs have not pleaded facts consistent with the contention that the City committed an act of dominion over plaintiffs' property.[22]

Lastly, the Court finds that plaintiffs have failed to state a claim for unjust enrichment. Among other elements, an unjust enrichment claim depends on an enrichment of one party that is connected to the impoverishment of another. *See Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) Plaintiffs have stated that they received no payment for their bids and that Crusto was paid by the City. Yet, their complaint contains no facts related to the City's enrichment at the expense of plaintiffs and addresses only Crusto's enrichment at their expense. Thus, plaintiffs have failed to state a claim for unjust enrichment against the City.

---

[21]   No. 02-1460, R. Doc. 1 at 6.

[22]   To the extent that plaintiffs assert a claim for misappropriation separate from their conversion claim, plaintiffs cannot maintain such a claim, because they have not pleaded the existence of a trade secret as required. *See* La. Rev. Stat. Ann. § 51:1431 (defining misappropriation as the acquisition of a trade secret).

**IV.   LEAVE TO AMEND**

The Court has discretion to grant plaintiffs leave to amend their complaints "when justice so requires." *See* Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Leave to amend, however, is not automatic. *Halbert v. City of Sherman,* 33 F.3d 526, 529 (5th Cir. 1994). Factors the Court should consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman,* 371 U.S. at 182; *Lozano v. Ocwen Federal Bank, FSB,* 489 F.3d 636 (5th Cir. 2007).

After consideration of these factors, the Court grants plaintiffs leave to amend their complaint. Plaintiffs have not previously amended their complaint. Further, plaintiffs have successfully pleaded that they have a valid copyright. Accordingly, the Court finds that justice is served by permitting plaintiffs to amend their complaint.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiffs' claims against the City. Plaintiffs have until March 10, 2013 to amend their complaint.

New Orleans, Louisiana, this 28th day of February, 2013.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE