```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, TOM WEEM                    CIVIL ACTION
AND GENERAL CONTRACTING AND
CONSULTING SERVICES, LLC


VERSUS                                        NO: 02-1122


ORLEANS PARISH SCHOOL BOARD,                  SECTION: R
ET AL.
```

## ORDER AND REASONS

Before the Court is Mitchell F. Crusto's Rule 12(b)(6) motion to dismiss the cross-claims of defendant City of New Orleans ("the City"). For the following reasons, Crusto's motion is GRANTED IN PART and DENIED IN PART.

## I.  BACKGROUND

On January 23, 2000, a severe hail storm caused significant roof damage to Orleans Parish schools. The City of New Orleans contracted with Mitchell Crusto d/b/a Angelic Asset Management, Inc. to adjust the insurance claims for the roof damage with the City's insurer, CNA Insurance Company, and to contract on an emergency basis to repair the damaged roofs.[1] Crusto contracted with Butch Threadgill and Tom Weems through their business, General Contracting and Consulting Services, LLC, to prepare bids and estimates for loss and damage to the schools' roofs.[2]

---

[1]   No. 02-1460, R. Doc. 1.

[2]   *Id.* at 3.

In 2002, plaintiffs filed suit against Crusto and the Orleans Parish School Board.[3] They then filed a second suit against Crusto, the City of New Orleans, and the City's insurers.[4] The two suits were consolidated.[5] Plaintiffs allege that they submitted repair estimates and bid proposals to Crusto that were copyrighted to Tom Weems, all rights reserved.[6] Plaintiffs also state that they negotiated damage estimates with CNA Insurance Company.[7] Plaintiffs claimed that Crusto did not pay plaintiffs for the work done, unlawfully displayed the copyrighted work on his website, and distributed the bids to the City as his own for approval. Plaintiffs asserted claims under federal and state copyright law, the Louisiana Unfair Trade Practices Act, and state tort and contract law.

In 2003, plaintiffs and Crusto entered into arbitration, and all of the proceedings were stayed. The Court entered a judgment confirming an arbitration award on June 17, 2009.[8] Plaintiffs then sought to lift the stay to allow the case to proceed among

---

[3]   R. Doc. 1.

[4]   No. 02-1460, R. Doc. 1.

[5]   R. Doc. 31.

[6]   No. 02-1460, R. Doc. 1 at 4.

[7]   *Id.*

[8]   R. Doc. 84.

the remaining parties, which the Court granted.[9] As the parties prepared for trial, they discovered that the City had never been notified that the stay had been lifted and trial set. After being served, the City moved to dismiss plaintiffs' claims. The Court granted that motion but gave plaintiffs leave to amend their complaint.[10]

On April 3, 2013, Plaintiffs filed a Consolidated Amended Complaint asserting a claim of unjust enrichment against the City and the Orleans Parish School Board.[11] Two days earlier, the City had preemptively filed an answer, which included cross-claims against Crusto for contributory infringement and indemnity.[12] Crusto filed a motion to dismiss the cross-claims pursuant to Rule 12(b)(6).

## II. STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads

---

[9]  R. Doc. 106.

[10] R. Doc. 156.

[11] R. Doc. 166.

[12] R. Doc. 163.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**III. DISCUSSION**

    **A.    Contributory Infringement**

The City concedes that, because plaintiffs did not include a claim for direct copyright infringement in the Consolidated

Amended Complaint, the cross-claim for contributory infringement cannot succeed.[13] "A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 791 (5th Cir. 1999) (internal quotation marks omitted). It follows that an allegation of direct infringement is a logical predicate for a claim of contributory infringement. Accordingly, the City's cross-claim for contributory infringement must be dismissed.

### B.  Indemnity

The City alleges that, should it be adjudged liable to plaintiffs for unjust enrichment, Crusto would be obligated to indemnify the City pursuant to an agreement between the City and Angelic Asset Management.[14] Crusto moves to dismiss this claim as well, arguing that the indemnity provision at issue does not cover plaintiffs' claims. This motion is premature.[15] "The Fifth

---

[13]  *See* R. Doc. 176 at 3 (characterizing contributory infringement claim as "moot").

[14]  R. Doc. 162-1.

[15]  Contrary to Cristo's assertion, the City's *claim* for indemnity is not premature. The City has not requested an immediate adjudication of Crusto's indemnity obligations; rather, it has simply alleged that Crusto would be liable to the City in the event that plaintiffs succeed on their unjust enrichment claim.

Circuit has made clear that 'the duty-to-indemnify issue [is] not ripe when the underlying . . . lawsuit has not yet been completed.'" *Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc.*, No. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012) (citing *Coregis Ins. Co. v. Sch. Bd. Of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008)). Because the City's liability to plaintiffs in the underlying lawsuit, if any, has not yet been determined, the Court need not decide now whether Crusto would be obligated to indemnify the City if the City is found liable on plaintiffs' claims.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Crusto's motion to dismiss the City's contributory infringement cross-claim and DENIES Crusto's motion to dismiss the City's indemnity cross-claim.

New Orleans, Louisiana, this 18th day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE