UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                  CIVIL ACTION

VERSUS                                    NO: 02-1122

ORLEANS PARISH SCHOOL BOARD, ET AL.       SECTION: R(1)

**ORDER AND REASONS**

Before the Court is Mitchell F. Crusto's Rule 12(b)(6) motion to dismiss the cross-claims of defendant Orleans Parish School Board ("OPSB"). For the following reasons, Crusto's motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

On January 23, 2000, a severe hail storm caused significant roof damage to Orleans Parish schools. The City of New Orleans ("City") contracted with Mitchell Crusto d/b/a Angelic Asset Management, Inc., to adjust the insurance claims for the roof damage with the City's insurer, CNA Insurance Company, and to contract on an emergency basis to repair the damaged roofs.[1] Crusto contracted with Butch Threadgill and Tom Weems through their business, General Contracting and Consulting Services, LLC, to prepare bids and estimates for loss and damage to the schools' roofs.[2]

---

[1] No. 02-1460, R. Doc. No. 1.

[2] *Id.* at 3.

In 2002, plaintiffs filed suit against Crusto and the OPSB.[3]
They then filed suit against Crusto, the City, and the City's
insurers.[4] The two suits were consolidated.[5] Plaintiffs allege
that they submitted repair estimates and bid proposals to Crusto
that were copyrighted to Tom Weems, all rights reserved.[6]
Plaintiffs also state that they negotiated damage estimates with
CNA Insurance Company.[7] Plaintiffs claimed that Crusto did not
pay plaintiffs for the work done, unlawfully displayed the
copyrighted work on his website, and distributed the bids to the
City as his own for approval. Plaintiffs asserted claims under
federal and state copyright law, the Louisiana Unfair Trade
Practices Act, and state tort and contract law.

In 2003, plaintiffs and Crusto entered into an arbitration,
and all of the proceedings were stayed. The Court entered a
judgment confirming an arbitration award on June 17, 2009.[8]
Plaintiffs then sought to lift the stay to allow the case to
proceed among the remaining parties, which the Court granted.[9] As

---

[3] R. Doc. No. 1.

[4] No. 02-1460, R. Doc. No. 1.

[5] R. Doc. No. 31.

[6] No. 02-1460, R. Doc. No. 1 at 4.

[7] *Id.*

[8] R. Doc. No. 84.

[9] R. Doc. No. 106.

the parties prepared for trial, they discovered that the City had never been notified that the stay had been lifted and trial set. After being served, the City moved to dismiss plaintiffs' claims. The Court granted that motion but gave plaintiffs leave to amend their complaint.[10]

On April 3, 2013, Plaintiffs filed a Consolidated Amended Complaint asserting a claim of unjust enrichment against the City and OPSB.[11] OPSB responded by filing an answer, affirmative defenses, and cross claims against Crusto for contributory infringement and indemnity.[12] The City had previously filed virtually identical cross claims against Crusto.[13] The Court granted Crusto's motion to dismiss the City's cross claim for contributory infringement pursuant to Rule 12 (b) (6) and denied Crusto's motion to dismiss the City's indemnity cross claim as premature.[14] Here Crusto has filed a motion to dismiss the cross claims of the OPSB pursuant to Rule 12 (b) (6) for the same reasons as he asserted in the motion to dismiss the City's cross claims.

**II. STANDARD**

---

[10] R. Doc. No. 156.

[11] R. Doc. No. 166.

[12] R. Doc. No. 178.

[13] R. Doc. No. 163.

[14] R. Doc. No. 184.

3

To survive a Rule 12 (b) (6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Contributory Infringement

As was noted in the order granting Crusto's motion to dismiss the City's contributory infringement claim,[15] plaintiffs did not include a claim for direct copyright infringement in the Consolidated Amended Complaint.  In the absence of such a claim, the cross claim for contributory infringement cannot succeed. "A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 791 (5th Cir. 1999) (internal quotation marks omitted). It follows that an allegation of direct infringement is a logical predicate for a claim of contributory infringement. Accordingly, OPSB's cross-claim for contributory infringement must be dismissed.

### B. Indemnity

OPSB alleges that, should it be adjudged liable to plaintiffs for unjust enrichment, Crusto would be obligated to indemnify OPSB pursuant to an agreement between OPSB and Angelic Asset Management.[16] Crusto moves to dismiss this claim as well, arguing that the indemnity provision at issue does not cover plaintiffs' claims. This motion, like plaintiff's motion to

---

[15] *Id.*

[16] R. Doc. No. 178 at 8-9.

5

dismiss the City's identical claim, is premature.[17] "The Fifth Circuit has made clear that 'the duty-to-indemnify issue [is] not ripe when the underlying . . . . lawsuit has not yet been completed.'" *Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc.*, No. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012) (citing *Coregis Ins. Co. v. Sch. Bd. of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008)). Because OPSB's liability to plaintiffs in the underlying lawsuit, if any, has not yet been determined, the Court need not decide now whether Crusto would be obligated to indemnify OPSB if OPSB is found liable on plaintiffs' claims.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Crusto's motion to dismiss OPSB's contributory infringement cross-claim and DENIES Crusto's motion to dismiss OPSB's indemnity cross-claim.

New Orleans, Louisiana, this ___28th___ day of August, 2013.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17] Contrary to Crusto's assertion, OPSB's *claim* for indemnity is not premature. OPSB has not requested an immediate adjudication of Crusto's indemnity obligations; rather it has simply alleged that Crusto would be liable to OPSB in the event that plaintiffs succeed on their unjust enrichment claim.