UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BUTCH THREADGILL, TOM WEEMS<br>and GENERAL CONTRACTING and<br>CONSULTING SERVICES, LLC<br><br>VERSUS<br><br>ORLEANS PARISH SCHOOL BOARD<br>TRAVELERS INSURANCE COMPANY<br>MITCH CRUSTO d/b/a ANGELIC ASSET<br>MANAGEMENT | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br><br>NO. 02-1122<br>c/w NO. 02-1460<br><br>SECTION "R"<br><br>MAGISTRATE (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF JOINT MOTION
TO ENTER FINAL JUDGMENT PURSUANT TO RULE 54(b)**

I.  INTRODUCTION

The Court has dismissed all the claims of all three of the plaintiffs, Charles "Butch" Threadgill ("Mr. Threadgill"), Tom Weems ("Mr. Weems") and General Contracting and Consulting Services, LLC ("GCCS"), against the defendants, the City of New Orleans (the "City") and the Orleans Parish School Board ("OPSB"), and there is no just reason to delay entry of final judgment in favor of the defendants, denying the plaintiffs' claims.  Therefore, the defendants and the defendant in cross-claim, Mitchell F.

Crusto ("Mr. Crusto") jointly move the Court to enter a final judgment, dismissing the claims of the plaintiffs, pursuant to FRCP Rule 54(b).

The only claims remaining to be adjudicated are the claims for indemnity asserted by each defendant, the City and OPSB, against Mr. Crusto, the defendant in cross-claim. The City's cross-claim against Mr. Crusto is set forth in its "Amended Answer, Affirmative Defenses and Cross-Claims (Doc. 163). The cross-claim of the other defendant, OPSB, is set forth in its "Amended Answer, Affirmative Defenses and Cross-Claims." (Doc. 178).

As explained further below, the City and OPSB are willing to dismiss their cross-claims for indemnity _if_ _and_ _when_ the dismissal of the plaintiffs' claims becomes a final, unreviewable judgment. The City and OPSB do not want to voluntarily dismiss their cross-claims against Mr. Crusto and then have the plaintiffs' claims revived, upon a successful appeal by the plaintiffs.

The plaintiffs have stated that they have no objection to the entry of a Rule 54(b) partial final judgment, dismissing their claims against the defendants, the City and OPSB, in accord with the Court's earlier decisions dismissing those claims.[1]

## II. LAW AND ARGUMENT: FRCP Rule 54(b) Grants This Court Discretion To Enter Immediate Final Judgment

Federal Rule of Civil Procedure Rule 54(b) empowers the Court to "direct entry of a final judgment as to one or more but fewer than all of the claims or parties." The Court may do so "upon an express determination that there is no just reason for delay and

---

[1] See Exhibit One, an exchange of emails between undersigned counsel, Galen Brown, and *pro se* plaintiff Tom Weems, wherein Mr. Weems replied "No objection" to counsel's request that he "consent to a Rule 54(b) motion, seeking entry of a partial final judgment denying your claims." See also, Exhibit Two, an exchange of emails between undersigned counsel, Galen Brown, and Anthony Maska, attorney for the plaintiffs Mr. Threadgill and GCCS, wherein Mr. Maska replied "No objection on behalf of Butch Threadgill or GCCS to your Rule 54(b) motion" to counsel's request that he "consent to a Rule 54(b) motion, seeking entry of a partial final judgment denying your clients' claims."

upon an express direction for the entry of judgment." *Id.* In deciding whether to certify an order under Rule 54(b), a district court must first determine that it is dealing with a "final judgment." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1464-65 (1980). It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* Here the Court has dismissed all the claims of all three plaintiffs. By an "Order and Reasons" dated February 28, 2013, the Court dismissed the claims of all three plaintiffs, but granted leave to amend. Document number ("Doc. No.") 156. The plaintiff Weems failed to file an amended complaint, and thus his claims were dismissed by the February 28, 2013 Order and Reasons. The plaintiffs Threadgill and GCCS filed a timely consolidated amended complaint (Doc. No. 166) on April 3, 2013. By separate "Order and Reasons" issued on October 7, 2013, the Court dismissed the claims of Mr. Threadgill and GCCS against the City (Doc. No. 248), and the claims of Mr. Threadgill and GCCS against OPSB (Doc. No. 249). The dismissal of all the claims of all the plaintiffs constitutes a "final judgment."[2]

After determining that the judgment sought to be certified as final is indeed a final judgment, the Court must then go on to determine whether there is any just reason for delay. *Ackerman v. FDIC,* 973 F.2d 1221, 1224 (5th Cir. 1992). This determination is within the sound discretion of the district court. *Id.* In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review " against "the

---

[2] Mr. Crusto was originally a defendant herein. The claims of the three plaintiffs against Mr. Crusto were resolved in arbitration, and a final judgment was entered herein on June 17, 2009, in favor of Mr. Threadgill and Mr. Weems, confirming the arbitration award in their favor and against Mr. Crusto. Doc. No. 84.

3

danger of denying justice by delay ..." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.,* 967 F.2d 145, 148 (5th Cir. 1992), quoting *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S. Ct. 322 (1950).

The Fifth Circuit has held that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.,* 81 F.3d 1412, 1421 (5th Cir.1996). The Fifth Circuit further explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 445 (2d Cir.1985)).

In the instant case, the City and OPSB are willing to dismiss their cross-claims for indemnity <u>if</u> <u>and</u> <u>when</u> the dismissal of the plaintiffs' claims becomes a final, unreviewable judgment. The City and OPSB do not want to voluntarily dismiss their cross-claims against Mr. Crusto and then have the plaintiffs' claims revived, upon a successful appeal by the plaintiffs. Under most circumstances the defendants could dismiss their cross-claims without prejudice, and could thereafter reinstate their cross-claims if the plaintiffs appeal and are successful on appeal. However, OPSB filed a previous cross-claim against Mr. Crusto, which was dismissed without prejudice,[3] and FRCP 41(a)(1)(B), known as the "two dismissal" rule, provides that a <u>second</u> voluntary dismissal of a claim "operates as an adjudication on the merits."

---

[3] See, OPSB's Consent Motion to Dismiss Cross-claims. (Doc. No. 109), filed January 31, 2012, and the Court's February 22, 2012 Order and Reasons (Doc. No. 117), granting OPSB Motion to Dismiss the Cross-claim, without prejudice.

4

That OPSB cannot voluntarily dismiss its cross-claim <u>without prejudice</u> creates the danger of hardship or injustice that justifies the entry of a partial final judgment, dismissing all the claims of all three plaintiffs.

Such a partial final judgment is the most efficient way to achieve the final disposition of all claims in the instant case. If the plaintiffs do not appeal the final judgment to be entered against them, or if the plaintiffs appeal and the appeal is unsuccessful, then the defendants will dismiss their respective cross-claims against Mr. Crusto.

If the plaintiffs' claim is reinstated pursuant to appeal, then the defendants will retain their pending cross-claims. If OPSB voluntarily dismissed its cross-claim now in order to allow the entry of a final judgment disposing of all claims, and the plaintiffs appealed the final judgment and successfully revived their claims, OPSB would have forfeited its cross-claim. The danger of that potential injustice to OPSB warrants granting the instant motion to enter a final partial judgment, dismissing all the claims of all the plaintiffs against the City and OPSB.

### III. CONCLUSION

For the foregoing reasons, movers, the City of New Orleans, the Orleans Parish School Board and Mitchell F. Crusto, urge the Court to grant the unopposed consent motion to enter a final, partial judgment, pursuant to Rule 54(b), dismissing the claims of all plaintiffs against the defendants the City of New Orleans and the Orleans Parish School Board.

5

s/ DeWayne L. Williams
WILLIAM D. AARON, JR. (LBSA #2267) T.A.
DeWAYNE L. WILLIAMS (LBSA #27685)
201 ST. CHARLES AVENUE, SUITE 3800
NEW ORLEANS, LOUISIANA 70170
Telephone: (504) 569-1800
Facsimile: (504) 569-1801
Email: waaron@aaronfirm.com
   dwilliams@aaronfirm.com
**Attorneys for Defendant Orleans Parish School Board**


s/ Eraka Williams DeLarge
ERAKA WILLIAMS DELARGE, (LSB #29702)
ASSISTANT CITY ATTORNEY
evwilliams@nola.gov


CASHAUNA M. HILL, (LSB #34385)
ASSISTANT CITY ATTORNEY
cmhill@nola.gov


KIMLIN S. LEE (LSB #23188)
DEPUTY CITY ATTORNEY
kslee@nola.gov


CHURITA H. HANSELL, (LSB #25694)
INTERIM CHIEF OF LITIGATION
chhansell@nola.gov

6

SHARONDA R. WILLIAMS, (LSB #28809)
CITY ATTORNEY
srwilliams@nola.gov

1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
**Attorneys for defendant, City of New Orleans**


*/s/ Galen S. Brown*
GALEN S. BROWN, (LSB #3556)
**HAMILTON & BROWN, LLC**
A PROFESSIONAL LAW CORPORATION
PAN AMERICAN LIFE CENTER
601 POYDRAS STREET, SUITE 1625
NEW ORLEANS, LOUISIANA 70130
Telephone: (504) 566-1805
Facsimile: (504) 566-1569
Email: gbrown@hamiltonfirm.net
**Attorneys for Defendant
In Cross-claims Mitchell F. Crusto**


I, Galen S. Brown, am the ECF User whose ID and Password are being used to file this Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). I attest that DeWayne Williams and Eraka Williams DeLarge have concurred in this filing.

*/s/ Galen S. Brown*
**GALEN S. BROWN**

7

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the counsel of record for all parties by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and by depositing same in the United States Mail, postage prepaid and property addressed, this 23rd day of October, 2013, to the following non-CM/ECF participant:

Tom Weems
56009 Hwy 433
Slidell, Louisiana 70461

*Galen S. Brown*
**GALEN S. BROWN**

8