UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BUTCH THREADGILL, ET AL.                        CIVIL ACTION

VERSUS                                          NO: 02-1122

CITY OF NEW ORLEANS, ET AL.                     SECTION: R

                          **ORDER AND REASONS**

    Defendants, the City of New Orleans and the Orleans Parish School Board, along with defendant-in-cross-claim Mitchell Crusto, have filed this joint motion for Rule 54(b) entry of final judgment against plaintiffs Charles "Butch" Threadgill, Tom Weems, and General Contracting and Consulting Services, LLC. Plaintiffs do not oppose this motion. For the following reasons, the Court GRANTS the motion.

**I. BACKGROUND**

    The Court has dismissed the claims of all three plaintiffs against defendants. The only claims remaining to be adjudicated are the cross-claims for indemnity asserted by the City and OPSB against Crusto. The City's cross-claim is set forth in its Amended Answer, Affirmative Defenses and Cross-Claims.[1] Likewise, the OPSB's cross-claim is set forth in its Amended Answer, Affirmative Defenses and Cross-Claims.[2] The City and

---

[1] R. Doc. 163.

[2] R. Doc. 178.

OPSB are willing to dismiss their cross-claims for indemnity if and when the dismissal of the plaintiffs' claims becomes a final, unreviewable judgment. They do not, however, want to voluntarily dismiss their cross-claims against Crusto, only to see the plaintiff's claims against them revived upon a successful appeal by the plaintiffs. Under most circumstances, the defendants could move to dismiss their cross-claims without prejudice and then reinstate them only if the plaintiffs successfully appeal the judgment. But the OPSB already filed one cross-claim against Crusto, which was dismissed without prejudice on its own consent motion.[3] The OPSB now fears that if it were to move to dismiss its current cross-claim, it would be barred from reinstating the claim by Federal Rule of Civil Procedure 41(a)(1)(B), which provides that a second voluntary dismissal of a claim operates as an adjudication on the merits.

Accordingly, the OPSB and City now request that this Court enter judgment against plaintiffs in this action so that the OPSB will not be forced either to litigate a claim it is currently willing to dismiss or to forfeit it permanently.

**II. DISCUSSION**

Federal Rule of Civil Procedure 54(b) empowers the Court to "direct entry of a final judgment as to one or more, but fewer

---

[3] R. Doc. 109.

than all, claims or parties."  To do so, however, the Court must "expressly determine[] that there is no just reason for delay." *Id.*  The first inquiry the Court must make is whether it is dealing with a "final judgment."  *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980).  It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Id.*

The Court has dismissed all the claims of all three plaintiffs.  On February 28, 2013, the Court dismissed the claims of the plaintiffs but granted leave to amend.[4]  Plaintiff Weems failed to file an amended complaint within the time allotted, so the February 28, 2013 order operated as a final dismissal of his claims.  Threadgill and GCCS filed a timely consolidated amended complaint against both defendants, but the Court dismissed those claims on October 7, 2013.[5]  Crusto originally was made a defendant in this action as well, but the claims of the plaintiffs against him were resolved in arbitration, and a final judgment was entered on June 17, 2009, confirming the arbitrator's award in plaintiffs' favor against Crusto.[6]

---

[4] R. Doc. 156.

[5] R. Doc. 248; R. Doc. 249.

[6] R. Doc. 84.

Next, the Court must determine if there is any just reason for delay. *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). The determination is within the sound discretion of the district court. *Id.* It must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay . . . ." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). In this circuit, Rule 54(b) judgments are not favored and should be awarded "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; [they] should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

Unless this Court grants defendants' motion, the OPSB is faced with the difficult choice of either litigating an indemnity claim that it is currently willing to dismiss or potentially being barred by Rule 41(a)(1)(B) from reviving the claim upon a successful appeal by the plaintiffs. The Court finds that the OPSB faces a danger of hardship or injustice that would be alleviated by the entry of a final judgment against the plaintiffs. All parties consent to the entry of judgment, and no

just reason exists for delay. Moreover, the Fifth Circuit previously has taken jurisdiction over an appeal of a Rule 54(b) judgment when all that remained were a party's indemnity claims. *See Bullock v. AIU Ins. Co.*, 503 F.3d 384, 385 & n. 1 (5th Cir. 2007) (noting that the district court had entered judgment pursuant to Rule 54(b) because it had not adjudicated a cross-claim for indemnity, which was stayed pending the resolution of the appeal before the Court). Finally, granting defendants' motion is "in the interest of sound judicial administration," *Curtiss-Wright Corp.*, 446 U.S. at 8, because it avoids potentially unnecessary litigation.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the defendants' unopposed motion for Rule 54(b) final judgment. IT IS ORDERED, ADJUDGED AND DECREED that the claims of plaintiffs Tom Weems, Butch Threadgill, and GCCS against defendants are dismissed with prejudice.

New Orleans, Louisiana, this ___31st___ day of October, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

5